UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| April E. Tucker, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 6:19-3511-BHH |
| ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| House of Raeford Farms Inc., Hannah ) | |
| Cagle, Jacyn Miller, Caroline Andrews, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court for review of the Report and Recommendation of United States Magistrate Judge Jacqueline D. Austin, made in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 for the District of South Carolina. On March 3, 2020, Magistrate Judge Austin issued a Report and Recommendation ("Report") in which she recommended that the case be dismissed for failure to comply with this Court's Order and failure prosecute pursuant to Federal Rule of Civil Procedure 41(b).[1] The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court may accept, reject, or modify, in whole or in part, the Report or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

"The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control

---

[1] *See Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (dismissal with prejudice appropriate where warning given); *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982) (court may dismiss *sua sponte*).

necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962). As well as inherent authority, this Court may *sua sponte* dismiss a case for lack of prosecution under Federal Rule of Civil Procedure 41(b). *Id.* at 630.

Plaintiff filed no objections and the time for doing so expired on April 10, 2020. In the absence of objections to the Magistrate Judge's Report, this Court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 and advisory committee's note). Plaintiff has failed to comply with this Court's Orders. As such, the Court finds that this case should be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

After a careful review of the record, the applicable law, and the Report, the Court finds the Magistrate Judge's recommendation to be proper. Accordingly, the Report is adopted and incorporated herein by reference, and this case is dismissed *without prejudice* due to Plaintiff's failure to comply with this Court's Order and failure to prosecute the case.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

April 15, 2020
Greenville, South Carolina

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.